IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTON R. WATSON,

    Petitioner,

v.               1:16-cv-271-WSD

UNITED STATES OF AMERICA,

    Respondent.

**OPINION AND ORDER**

    This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [2] ("R&R"), recommending that this action be dismissed for lack of jurisdiction and that a certificate of appealability be denied. Also before the Court are Petitioner Anton R. Watson's ("Petitioner") Objections [4] to the R&R.

**I. BACKGROUND**

    On November 30, 2005, Petitioner was convicted of one count of conspiracy to interfere with commerce by robbery, one count of aiding and abetting interference with commerce by robbery, one count of conspiracy to possess firearms in furtherance of a robbery, one count of possession of a firearm during and in relation to robbery, and one count of unlawful possession of a firearm by a

convicted felon.  <u>United States v. Watson</u>, No. 1:04-cr-591- WBH-JMF-2 (N.D. Ga. Nov. 30, 2005) ("<u>Watson</u>"), ECF No. 101.  He was sentenced to 264 months in prison.  (<u>Id.</u>).

On May 14, 2007, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 ("section 2255 motion"), alleging ineffective assistance of counsel.  (<u>Watson</u>, [189] at 4).  On September 25, 2007, the Court dismissed Petitioner's motion as time-barred.  (<u>Watson</u>, [195]).  On November 23, 2007, Petitioner filed his Motion to Set Aside Judgment, which the Court denied on January 28, 2008.  (<u>Watson</u>, [197], [199]).

Eight years later, on January 20, 2016, Petitioner filed his Petition for Writ of Habeas Corpus [1] ("Petition") pursuant to 28 U.S.C. § 2241, challenging his convictions and the length of his sentence.  On March 1, 2016, the Magistrate Judge issued her R&R, recommending that this action be dismissed for lack of jurisdiction.  On March 15, 2016, Petitioner filed his Objections, arguing that his guilty plea was coerced, that the evidence shows he is innocent, and that his sentence is thus illegal.  Petitioner did not object specifically to any of the Magistrate Judge's findings, and the Court thus reviews the R&R for plain error. <u>See</u> <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984) (noting that plain error is the appropriate standard of review for

magistrate judge findings to which specific objections are not asserted); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## II.   DISCUSSION

"[A prisoner] may only challenge his conviction through a § 2241 petition if he shows that a § 2255 motion would be 'inadequate or ineffective to test the legality of his detention.'" Zelaya v. Sec'y, Florida Dep't of Corr., 798 F.3d 1360, 1362 (11th Cir. 2015) (quoting 28 U.S.C. § 2255(e)); Ortiz-Alvear v. U.S. Atty. Gen., 429 F. App'x 955, 956 (11th Cir. 2011). The Magistrate Judge construed Petitioner's Petition as a section 2255 motion, even though it is styled as a section 2241 habeas petition, because the Petition seeks relief that is cognizable under section 2255 and because Petitioner does not show that section 2255 is "inadequate or ineffective." The Court finds no plain error in this determination. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 (11th Cir. 2008) ("Our cases hold that a prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241."); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[R]estrictions on successive § 2255 motions, standing alone, do not render [section 2255] 'inadequate or ineffective' within the meaning of the savings clause, and, consequently, a petitioner who has

filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241.").

The Magistrate Judge also found that the Court lacks jurisdiction to consider Petitioner's Petition because the Court of Appeals for the Eleventh Circuit has not authorized Petitioner to file a successive section 2255 motion. See Candelario v. Warden, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (noting that a second section 2255 motion counts as "successive" if the first one was dismissed as time-barred). The Magistrate Judge concluded that a certificate of appealability should be denied because it is not debatable that Petitioner must obtain permission from the Court of Appeals before filing a successive section 2255 motion. The Court finds no plain error in these conclusions.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to adjust the Court's docket to show that Petitioner's Petition for Writ of Habeas Corpus [1] is a 28 U.S.C. § 2255 motion, and to enter a copy of the motion [1] and this Opinion and Order on the docket in criminal action 1:04-cr-591-WBH-JMF-2.

**SO ORDERED** this 4th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE